UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,

             -against-                                    **ORDER**

PRECISION CONSULTING, INC., and                Case No. 20-cv-1794
WAYNE GLADNEY,
                             Defendants.
-------------------------------------------------------------X
DEARIE, District Judge

        After a September 1, 2020 show cause hearing and in a September 2, 2020 order, this

Court found Defendants Precision Consulting, Inc. and Wayne Gladney in civil contempt of

court for repeatedly failing to comply with the Court's directives in its July 8, 2020 preliminary

injunction. The Court determined that a coercive sanction is appropriate to secure Defendants'

compliance, but delayed implementation of the financial sanction until September 8, 2020 to

give Defendants one final opportunity to remedy their noncompliance and provide financial

affidavits to facilitate the assessment of an appropriate sanction. Defendants have once again

failed to comply with the Court's directives. For the follow reasons, the Court imposes a

financial sanction on Defendants of $100 for the first day of noncompliance, doubling each day,

up to the point of $1,000. If the sanction reaches $1,000, coercive sanctions will continue to

accrue at a rate of $1,000 per day of noncompliance.

        District courts have "broad discretion" in crafting a remedy "to secure future compliance

with court orders." Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs.,

Inc., 369 F.3d 645, 657 (2d Cir. 2004). When imposing a coercive sanction, the Court must

consider three factors: "(1) the character and magnitude of the harm threatened by the continued

contumacy; (2) the probable effectiveness of any suggested sanction in bringing about

compliance; and (3) the contemnor's financial resources and the consequent seriousness of the

burden of the sanction upon him." Weston Capital Advisors, Inc. v. PT Bank Mutiara, Tbk, 738

F. App'x 19, 22 (2d Cir. 2018) (quoting Dole Fresh Fruit Co. v. United Banana Co., 821 F.2d

106, 110 (2d Cir. 1987)).

 The first two factors weigh in favor of a substantial sanction. By failing to respond to

Plaintiff's discovery requests as directed, Defendants inhibit the Government's ability to

determine whether and to what extent Defendants are performing lead-based paint abatements

and renovations in violation of EPA regulations. Given the well-established risks associated with

lead exposure, this presents serious public health concerns. Additionally, Defendants' pattern of

disregard for Court orders and failure to remedy their non-compliance when offered repeated

opportunities to do so, "reflects a contempt for the legal process that makes anything but a

sizeable fine unlikely to be effective." Philip Morris USA Inc. v. Los Corazones Deli Grocery

Inc., No. 09-CV-9608 (RJS), 2014 WL 4363836, at *3 (S.D.N.Y. Sept. 3, 2014).

 While "[a] contemnor may be excused from the burden of a civil contempt sanction if it

lacks the financial capacity to comply . . . the contemnor bears the burden of production in

raising such a defense." Paramedics Electromedicina Comercial, Ltda, 369 F.3d at 658.

Defendants were given several opportunities to appraise the Court of their financial

circumstances before, during, and after the show cause hearing. They elected not to do so. "[T]he

absence of a record on th[is] point 'should hardly inure to [their] benefit.'" Philip Morris USA

Inc., 2014 WL 4363836, at *3 (quoting U2 Home Entm't, Inc. v. Wei Ping Yuan, 245 F. App'x

28, 30 (2d Cir. 2007)).

 "A per-diem fine is widely recognized as an effective coercive tool." Raghavendra v.

Trustees of Columbia Univ. in the City of New York, No. 06-CV-6841 (PAC), 2017 WL

6000553, at *4 (S.D.N.Y. Dec. 1, 2017) (collecting sources). On the basis of the available record,

the Court imposes the following coercive sanction on Defendants, jointly and severally,

commencing Tuesday, September 15, 2020, and remaining in effect until Defendants fully

comply with the directives in the Court's preliminary injunction: $100 for the first day of non-

compliance, which doubles each day of non-compliance, up to the point of $1,000. If the

sanction reaches $1,000, coercive sanctions will continue to accrue at the rate of $1,000 per day

of non-compliance. The Government is directed to serve Mr. Gladney by all available means by

close of business today.


SO ORDERED.

Dated: Brooklyn, New York                                    _____/s/ Raymond J. Dearie_____
           September 10, 2020                                RAYMOND J. DEARIE
                                                             United States District Judge